IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SU MIN KIM and JI HUN KIM, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | Civil Action No.: |
| | § | _____ |
| HONDA CANADA, INC. d/b/a | § | |
| HONDA OF CANADA MFG., | § | Jury Trial Requested |
| | § | |
| Defendant. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Su Min Kim and Ji Hun Kim file this Original Complaint against Defendant Honda Canada, Inc. d/b/a Honda of Canada Mfg. ("HCI"), and state:

**I.**

## PARTIES

1. Plaintiff Su Min Kim is an individual and citizen of the State of Texas. She is the sister of Ji Hun Kim.

2. Plaintiff Ji Hun Kim is an individual and citizen of the State of Texas. He is the brother of Su Min Kim.

2. Defendant Honda Canada, Inc. d/b/a Honda of Canada Mfg. is a Canadian company doing business in the State of Texas and will be served through the Hague Treaty to 180 Honda Blvd., Markham, Ontario L6C 0H9, Canada.

PLAINTIFFS' ORIGINAL COMPLAINT – Page 1 of 10

Kim – Complaint – fj03201906

## II.

## VENUE AND JURISDICTION

1.   Venue is proper in this federal court in Texas because a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Texas under 28 U.S.C. § 1391(b)(2).

2.   Diversity jurisdiction is proper in this Court under 28 U.S.C. § 1332(a)(1) because Defendant Honda Canada, Inc. d/b/a Honda of Canada Mfg. ("HCI") is a Canadian resident while Plaintiffs are Texas residents and the amount in controversy exceeds $75,000, excluding interest and costs.

## III.

## FACTS

1.   On June 30, 2018 around 7:30pm, Plaintiff Ji Hun Kim was the driver and Plaintiff Su Min Kim was the front seat passenger in a 2014 Honda CR-V traveling eastbound on Warren Parkway at the intersection of Dallas Parkway when a Toyota Scion ran a red light and T-boned the passenger side. Both Ji Hun Kim and Su Min Kim were belted. The collision occurred on Dallas Parkway in Frisco, Texas. This side-impact collision caused driver Ji Hun Kim to collide his head into the head of passenger Su Min Kim. All side and frontal air bags of the Honda CR-V apparently deployed.

2. As a result of this side-impact collision, Plaintiff Su Min Kim sustained severe and permanent injuries to her brain, skull, face, and left eye and Plaintiff Ji Hun Kim suffered a head injury.

3. As a result of witnessing his sister's serious injuries, Plaintiff Ji Hun Kim suffered severe emotional distress.

4. At all times in question, Defendant Honda Canada, Inc. d/b/a Honda of Canada Mfg. ("HCI") engaged in the business of designing, testing, manufacturing, distributing, marketing, and selling vehicles, including the Honda CR-V in question.

## IV.

## STRICT LIABILITY CAUSE OF ACTION AGAINST HCI

1. Plaintiffs adopt and re-allege each paragraph set forth above.

2. Defendant, and others associated with it, was at the time of the occurrence and is now engaged in the business of designing, manufacturing, distributing, and selling vehicles, including the 2014 Honda CR-V, VIN No. 2HKRM4H78EH684505, made the basis of this suit.

3. It was foreseeable, and Defendant knew, that all vehicles, including the 2014 Honda CR-V, might be involved in side-impact collisions during the useful life of the vehicle. Defendant knew of the danger of serious injury or death as a result of

occupant movement toward a far side impact, such as occurred here, but failed to use existing technology to guard against such injuries.

4. The Honda CR-V vehicle at issue was unreasonably dangerous and defectively designed, manufactured, distributed, and/or marketed because:

(a) In the event of a far side-impact collision, such as occurred here, the vehicle failed to provide side impact occupant protection by the use of a center mounted air bag as a cushioning or other restraint element between the front row occupants;

(b) The vehicle did not have, or had inadequate, warning stickers, placards, or any other proper documentation or notice to alert users regarding the hazardous conditions, as stated above, involving the use and operation of the vehicle;

(c) It was technologically feasible for the front seat restraint system to have been designed to prevent occupant excursion toward a far side impact. Defendant failed to design its front seat restraint system to prevent this foreseeable and dangerous movement of its passengers.

5. The above defects and dangers were latent; and Plaintiffs were not and could not have been aware of their existence prior to this accident.

6. At the time of the accident, the Honda CR-V vehicle was substantially unchanged from its condition as when sold and distributed by Defendant.

7. For the reasons set forth above, the Honda CR-V vehicle was defectively designed, manufactured, and sold and was unreasonably dangerous to foreseeable users, including Plaintiffs who used the vehicle in an ordinary and reasonably foreseeable manner.

8. The defects described above were a producing cause of the serious injuries sustained by Plaintiffs. The defects directly and in natural and continuous sequence produced or contributed substantially to Plaintiffs' injuries and damages.

## V.

## NEGLIGENCE CAUSE OF ACTION AGAINST HCI

1. Plaintiffs adopt and re-allege each paragraph set forth above.

2. It was foreseeable, and Defendant knew, that all vehicles, including the 2014 Honda CR-V, might be involved in side-impact collisions, such as the incident in question, during the useful life of the vehicle.

3. Defendant knew or in the exercise of due care should have known that the Honda CR-V would be used without inspection and would create a foreseeable and unreasonable risk of harm to Honda CR-V users.

4. Defendant was under a duty to properly and adequately design, test, manufacture, distribute, and sell the Honda in a reasonably safe condition so as not to negligently present a danger to the general public who reasonably and expectedly would come into contact with the vehicle.

5. Defendant breached its duty by negligently designing, testing, inspecting, distributing, selling, and failing to warn of these dangers in the Honda CR-V. It was not reasonably safe in foreseeable accidents, which Defendant knew

the vehicle would experience. The acts and omissions of Defendant's negligence including the following:

    (a)    Failure to design, manufacture, assemble, test, and/or equip side impact occupant protection by the use of a center mounted air bag as a cushioning or restraint element between front row occupants in the event of a side-impact collision;

    (b)    Failure to research, test, design, and install a center mounted air bag when Defendant knew, or in the exercise of reasonable care should have known, that such foreseeable side-impact collisions could occur and that occupants in the same row could collide with each other inside the vehicle, even when their seat belts are worn;

    (c)    Failure to properly design, manufacture, assemble, test, and otherwise place the Honda CR-V on the market for sale to the public in a condition free of defects and hazards.  This created an unreasonable danger of injury or death to users under normal and foreseeable circumstances;

    (d)    Failure to adequately instruct or warn occupants and users by using stickers, placards, or other proper documentation or notice, regarding the hazardous conditions, as stated above, involving the use and operation of the vehicle;

    (e)    It was technologically feasible for the front seat restraint system to have been designed to prevent occupant excursion toward a far side impact. Defendant failed to design its front seat restraint system to prevent this foreseeable and dangerous movement of its passengers.

    6.    The negligence described above was a direct and proximate cause of the injuries and damages to Plaintiffs.

## VI.

## **DAMAGES FOR PLAINTIFF SU MIN KIM**

1. As a result of the incident described herein, Ms. Kim suffered severe and permanent injuries to her brain, skull, face, and left eye. Her injuries were so severe and life threatening that hundreds of thousands of dollars were expended to doctor her traumatic brain injury, brain bleeding, brain swelling, and multiple comminuted fractures of the skull and bones around her eyes and nose, for which she has lost eyesight in her left eye.

2. She has incurred medical expenses in the past and in all reasonable probability such medical expenses will continue in the future.

3. Plaintiff has experienced mental anguish and emotional distress in the past and in all reasonable probability such mental anguish and emotional distress will continue in the future.

4. Plaintiff has experienced physical pain and suffering in the past and in all reasonable probability such physical pain and suffering will continue in the future.

5. Plaintiff has experienced physical disfigurement to her face, head, and eye, among others, in the past and in all reasonable probability will suffer disfigurement in the future.

6. Plaintiff has experienced physical and mental impairment in the past and in all reasonable probability will suffer both physical and mental impairment for the rest of her life.

7. Plaintiff has suffered lost earnings capacity in the past and in all reasonable probability such loss of earning capacity will continue in the future.

8. Plaintiff has incurred other post-incident expenses in the past and in all reasonable probability such other post-incident expenses will continue in the future.

## VII.

## DAMAGES FOR BYSTANDER PLAINTIFF JI HUN KIM

As a result of witnessing this event that inflicted serious injury to his only sister and only sibling Su Min Kim while still inside the Honda CR-V and while at the accident scene thereafter, Mr. Kim suffered severe emotional distress in the past and in all reasonable probability such emotional distress and mental anguish will continue in the future.

## VIII.

## CLAIM FOR PREJUDGMENT AND POST-JUDGMENT INTEREST

Plaintiffs claim interest under applicable law.

## IX.

## JURY DEMAND

Plaintiffs respectfully request a jury trial.

## X.

## REQUEST FOR PRESERVATION

The Defendant is hereby given notice that any document or other material, including electronically stored information, that may be evidence or relevant to any issue in this case is to be preserved in its present form until litigation is concluded.

## XI.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to appear and answer herein, and that upon final trial, Plaintiffs recover all their damages as specified above from Defendant, plus costs of Court, pre-judgment and post-judgment interest at the legal rate, and have such other and further relief, general and special, at law and in equity, to which Plaintiffs may be justly entitled under the facts and circumstances.

Respectfully submitted,

TURLEY LAW FIRM

*/s/ Windle Turley*
Windle Turley
State Bar No. 20304000

T Nguyen
State Bar No. 24051116
6440 North Central Expressway
1000 Turley Law Center

>Dallas, Texas 75206
>Telephone No. 214/691-4025
>Telecopier No. 214/361-5802
>Email: win@wturley.com, tn@wturley.com, roxanam@wturley.com
>
>ATTORNEYS FOR PLAINTIFFS