# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| SU MIN KIM and JI HUN KIM | § § § | |
| *Plaintiffs,* | § § | **CIVIL ACTION NO. 4:19-CV-00032-ALM** |
| v. | § § | **JUDGE MAZZANT** |
| HONDA CANADA, INC. d/b/a HONDA OF CANADA MANUFACTURING, *Defendant.* | § § § § § | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiffs' Motion to Enter Protective Order (Dkt. #14). Having considered the motion and the relevant pleadings, the Court finds that Plaintiffs' Motion is **DENIED**.

## **BACKGROUND**

On June 30, 2018, Plaintiff Ji Hun Kim and Plaintiff Su Min Kim were involved in a car wreck (Dkt. #14). Ji Hun Kim was driving a 2014 Honda CR-V at the time of the wreck (Dkt. #14). Su Min Kim was in the passenger seat (Dkt. #14). The wreck occurred when Plaintiffs were struck by another vehicle on the passenger side of their car (Dkt. #14). Upon impact, Plaintiffs' heads collided (Dkt. #14). This collision purportedly caused Su Min Kim to sustain "severe and permanent injuries to her brain, skull, face, and left eye" (Dkt. #14). Likewise, Ji Hun Kim allegedly sustained injuries to his head, neck, and back (Dkt. #14). Plaintiffs have now brought an action against Honda Canada, Inc. ("Honda") for an alleged design defect in the 2014 Honda CR-V. Honda denies that there are any defects in the car.

Since the filing of this action, the parties have worked to enter an agreed-upon protective order (Dkt. #14; Dkt. #16). While agreeing on many provisions in the prospective protective order,

there are five provisions on which the parties disagree and request the Court's ruling (Dkt. #14; Dkt. #16). Consequently, Plaintiffs filed Plaintiffs' Motion to Enter Protective Order on November 11, 2019 (Dkt. #14). As summarized by Plaintiffs, the disagreements concern, among other things, the three following provisions:

　　i. Sharing Provision in Paragraph 3(f). Plaintiffs desire an inclusion of a sharing provision to similarly situated litigants. Defendant is opposed.

　　ii. Time to claim "confidential" any portion of a deposition in Paragraph 4(b). Plaintiffs believe 10 business days after receipt of the deposition transcript is ample and reasonable time. Defendant wants 30 days.

　　iii. Time to Challenge Confidentiality in Paragraph 9(c). Plaintiffs believe they should not be precluded from challenging confidential designations as long as this Court retains jurisdiction. Defendant would like to cut off confidentiality challenges 120 days before the trial date.

(Dkt. #14).

Honda responded on November 26, 2019 when it filed Defendant Honda Canada, Inc.'s (1) Response to Plaintiff's Motion for Entry of Protective Order and (2) Cross-Motion for Entry of Protective Order (Dkt. #16). Honda argues in its Response that it anticipates that it will be producing design information and standards, testing information and standards, and performance criteria "pertaining to the driver and front passenger restraining and airbag systems in the subject vehicle" (Dkt. #16). This information, which belongs to Honda, American Honda Motor Co., Inc. ("AHM"), Honda R&D Co., Ltd. ("HRD"), and Honda Motor Co., Ltd. ("HMC") is allegedly confidential, proprietary, and trade secret information (Dkt. #16). The types of documents that Honda believes will be requested and are allegedly confidential include, but are not limited to:

a. Design drawings and design specifications for the driver and front passenger restraint and airbag systems on the subject vehicle;

b. "A Requirement" lists, tables, test reports, photos and videos relating to the performance of the driver and front passenger restraint and airbag systems on the 2012 – 2016 Honda CR-V in side impacts;

c. Design change notices, if any, pertaining to the driver and front passenger restraint and airbag systems on the 2014 Honda CR-V;

d. Engineering Standards pertaining to the driver and front passenger restraint and airbag systems of the 2014 Honda CR-V; and

e. R-Theme, SED and Technical Evaluation documents pertaining to the performance of the driver and front passenger restraint and airbag systems on the 2012-2016 Honda CR-V.

(Dkt. #16). None of this information, according to Honda, is public information (Dkt. #16). Because of the purportedly private nature of this information, Honda argues that any disclosure could harm the Honda brand and result in an unfair advantage to its competitors (Dkt. #16).

On top of the complexity of this information, Honda claims that this information may have to be communicated to Plaintiffs via Japanese-speaking corporate representatives (Dkt. #16). Those corporate representatives, Honda maintains, will need additional time to have transcripts, discussions, and documents translated for them; a process which Honda argues requires more time to protect Honda's confidential, trade secret, and proprietary information (Dkt. #16). Accordingly, Honda argues that: (1) the protective order should not have a sharing provision; (2) Honda should have 30 days to claim any portion of a deposition transcript is confidential from receipt of that transcript; and (3) Plaintiffs should have a deadline put in place for challenging confidential designations (Dkt. #16). Honda argues that its last request should be granted to prevent Plaintiffs from "l[ying] in wait and mak[ing] *en masse* challenge[s] to HCI's confidentiality designations on the eve of trial" (Dkt. #16).

Honda also asserts two other issues with Plaintiffs' proposed protective order. First, Honda argues that Paragraph 4(c)(iii) is "vaguely worded and provides insufficient protections from

3

improper disclosure of HCI's [], AHM's, HRD's, and HMC's confidential and proprietary information" (Dkt. #16).  Second, Honda objects to the inclusion of Federal Rule of Civil Procedure 5.2 in the protective order for sealing documents (Dkt. #16).  Honda objects because it believes the inclusion of Rule 5.2 "creates unnecessary confusion" (Dkt. #16).

On December 3, 2019, Plaintiffs filed Plaintiffs' Reply and Response to Defendant's Response and Motion to Enter Protective Order (Dkt. #17).  Plaintiffs assert in their Reply that they would not share discovery with Honda's competitors (Dkt. #17).  Rather, "Plaintiffs would share only with other similarly situated litigants who will sign off to be bound by the terms and provisions of the Protective Order" (Dkt. #17).  Additionally, Plaintiffs claim that "prior to sharing with another similarly situated litigant, Plaintiffs can notify Defendant so that Defendant can know or contest the justification for sharing" (Dkt. #17).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(c), the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1).  The burden is upon the party seeking the protective order "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (internal quotation marks and citation omitted).  Therefore, a protective order is warranted in those instances in which the party seeking it demonstrates good cause and a specific need for protection.  *See Laundry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990).  The Court has broad discretion in determining whether to grant a motion for protective order because it is "in the best position to weigh fairly the competing needs and interests of parties

affected by discovery." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *see Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985).

## ANALYSIS

As stated, Plaintiffs and Honda dispute five provisions in what is an otherwise agreed upon protective order. The Court addresses each of the five provisions independently.

i. Sharing Provision in Paragraph 3(f)

Historically, jurisdictions across the country accepted sharing provisions as a means of ensuring full and fair disclosure and thus making "the system itself more efficient." *Idar v. Cooper Tire & Rubber Co.*, 2011 WL 688871, at *1 (S.D. Tex. Feb. 17, 2011). Notwithstanding an historical acceptance, "the trend appears to be away from inclusion of sharing provisions in protective orders." *Rosas v. Goodyear Tire & Rubber Co.*, 2019 WL 3308481, at *5 (S.D. Tex. Jun. 3, 2019) (citing *Gomez v. Ford Motor Co.*, 2016 WL 10518528, at *3 (W.D. Tex. Nov. 2, 2016). The federal system, in particular, has "been hostile to upfront sharing provisions." *Id.* (citing *Gomez*, 2016 WL 10518528, at *3) (quoting Dustin B. Benham, *Proportionality, Pretrial Confidentiality, and Discovery Sharing*, 71 WASH. & LEE L. REV. 2181, 2208 (2014))); *see also Zappe v. Medtronic USA, Inc.*, 2009 WL 792343, at *1 (S.D. Tex. Mar. 23, 2009) (citing *In re Continental General Tire, Inc.,* 979 S.W.2d 609, 613 n. 3 (Tex.1998) for the proposition that "an order that limited access to the information to 'the parties in this lawsuit, their lawyers, consultants, investigators, experts and other necessary persons' as an appropriate protective order"). Evidence of this trend may be found in *Scott v. Monsanto,* 868 F.2d 786, 792 (5th Cir. 1989). There, the Fifth Circuit upheld a protective order that restricted the use of the discovery materials to "the plaintiffs, their representatives, their counsel, and their experts or consultants." *Id.* In upholding the protective order, the Fifth Circuit noted that the protective order "was not unduly

constricting . . . [t]he plaintiffs were free to use any discovery materials in the development of their case . . . [and] no prejudice ha[d] been shown [by the plaintiffs]." *Id.* The order, the Fifth Circuit continued, "merely restricted use of those materials to this litigation." *Id.* Thus, the Fifth Circuit held that the "entry of the protective order was not an abuse of discretion." *Id.*

Here, Honda wishes to protect documents and information in its possession that are allegedly confidential, trade secrets, or of a proprietary nature. Consequently, Honda objects to the inclusion of any sharing provision which could result in the disclosure of confidential information to non-parties. Such disclosure, Honda continues, could harm Honda's business interests and provide an advantage to its competitors. Honda does not oppose, however, the sharing of this information with "Plaintiffs' counsel's staff, expert witnesses, and other authorized individuals in this case . . . ." (Dkt. #16). The Court agrees with Honda that a sharing provision is not warranted. Plaintiffs have provided the Court with no concrete benefit that will result for them due to the inclusion of a sharing provision. Rather, Plaintiffs argue general interests of efficiency and fairness to non-parties. It is readily apparent that any benefit that Plaintiffs might receive is outweighed by the harm that could potentially befall Honda. *Rhinehart*, 467 U.S. at 36; *Harris*, 768 F.2d at 684. What is more, the proposed protective order, absent this sharing provision, is fair. Plaintiffs will not be unduly restricted in their discovery efforts. *See Scott,* 868 F.2d at 792. Plaintiffs are free to use what they discover to develop *their* case. *See id.* And Plaintiffs have failed to point to any prejudice that might befall them should a sharing provision not be included in their proffered protective order. *See id.* Without more, the Court, in its discretion, is unpersuaded that a sharing provision is in the interest of justice. Plaintiffs' request for a sharing provision is consequently denied.

ii. Time to claim "confidential" any portion of a deposition in Paragraph 4(b)

"Plaintiffs believe 10 business days after receipt of the deposition transcript is ample and reasonable time" to claim that any portion of a deposition transcript is confidential (Dkt. #14). Honda retorts that providing for 30 business days to designate portions of deposition transcripts confidential better protects confidential information (Dkt. #16). According to Honda, language barriers between Honda's corporate representatives and counsel will likely require confidential and trade secret information to be translated from English to Japanese (Dkt. #16). Because of this process, Honda argues that a 30-day period will best provide for protection of potentially confidential information (Dkt. #16). Neither party provides any legal authority for their arguments save Honda's citing similar protective orders entered by Judges Gilstrap, Clark, Shcroeder, and Truncale (Dkt. #16). Nonetheless, the Court finds, in its discretion, that Honda has established good cause for granting Honda 30 days from receipt of a deposition transcript to claim confidentiality of any portion of said deposition transcript. *See Laundry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435. Indeed, to grant Honda 30 days, rather than 10, will provide Honda with the best protection for its potentially confidential information given the possible language barriers. *See id.* Honda is accordingly granted 30 business days from the receipt of each deposition transcript to inform Plaintiffs that it desires to designate a portion confidential.

iii. Time to Challenge Confidentiality in Paragraph 9(c)

The Federal Rules of Civil Procedure were designed to "secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1. Accordingly, a trial court retains "the inherent power to manage and control its own docket in order to achieve the orderly and expeditious disposition of cases." *DiSalvatore v. Foretravel, Inc.*, 2015 WL 12941884, at *1 (E.D. Tex. Oct. 28, 2015) (citing *Geiserman v. McDonald*, 893 F.2d 787, 790 (5th Cir. 1990); *Cranford*

*v. Morgan Southern, Inc.*, 421 F. App'x. 354, 357 (5th Cir. 2011) (citing *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005))). While retaining inherent power to achieve orderly and expeditious disposition of a case aligns with Rule 1, a court must also pursue the remaining virtue of the "twined virtues" of Rule 1: justice. *United States v. Louisiana*, 2016 WL 632492, at *2 (M.D. LA. Feb. 17, 2016).

Here, "Plaintiffs believe they should not be precluded from challenging confidential designations as long as this Court retains jurisdiction" (Dkt. #14). Honda, on the other hand, requests that any challenge to a confidential designation be filed no later than 120 days before the Final Pretrial Conference (Dkt. #16). Honda maintains that the lack of a deadline to challenge confidential designations would permit Plaintiff to "lie in wait and make *en masse* challenge[s] to HCI's confidentiality designations on the eve of trial" (Dkt. #16). "Such a tactic," Honda continues, "would thwart the purpose of the Rules" (Dkt. #16).

While the Court appreciates Honda's concern, the Court does not find that imposing a deadline of 120-days on challenges to confidential designations would pursue Rule 1's virtue of justice—particularly when the request is predicated upon speculation that Plaintiffs would invidiously "lie in wait" in the absence of a 120-day deadline (Dkt. #16). *See Rhinehart*, 467 U.S. at 36; *In re Terra Int'l*, 134 F.3d at 306. Honda will produce any confidential materials by February 4, 2021 (Dkt. #16). The Final Pretrial Conference is June 16, 2021 (Dkt. #13). This leaves 132 days between the discovery deadline and the Final Pretrial Conference. To grant Plaintiffs only 12 days before the 120-day mark to challenge confidential designations would not further Rule 1's virtue of justice. *See* FED. R. CIV. P. 1. With that being said, the Court recognizes that some form of deadline would "achieve the orderly and expeditious disposition of [this case]." *DiSalvatore*, 2015 WL 12941884, at *1. The Court thus finds, in its discretion, that a deadline of

30-days before the Final Pretrial Conference to challenge any designations would best serve the twined virtues of Rule 1. *See Louisiana*, 2016 WL 632492, at *2. This deadline will allow Plaintiffs adequate time to review all confidential designations thoroughly while preventing the filing of any challenges on the eve of trial. Plaintiffs accordingly must challenge, if they so choose, Honda's designations no later than 30 days before the Final Pretrial Conference.

 iv. Paragraph 4(c)(iii)

Honda takes issue next with Paragraph 4(c)(iii) of the Plaintiffs' proposed protective order which states:

> 4. Designation.
>
> c. Nothing shall be designated as confidential except information of the most sensitive nature which, if disclosed to persons of expertise in the area, would reveal significant technical or business advantages of the designating party. Nothing shall be regarded as Confidential Material if it is information that either:
>
> iii. the receiving party lawfully receives such information at a later date from a third party, provided such third party has the right to make the disclosure to the receiving party, because there was no protective order governing such information or there was no order to keep such information sealed after presentation in open court at trial.

(Dkt. #14). Honda particularly opposes the phrase "lawfully receive[d] . . . from a third party" because such phrase is, according to Honda, "vaguely worded and provides insufficient protections from improper disclosure" (Dkt. #16). Paragraph 4(c)(iii), Honda continues, is also "redundant of other requirements in the protective order prohibiting the parties from designating information that has already been disclosed with protections" (Dkt. #16).

Seeing no response and finding that Paragraph 4(c)(iii) is unduly vague and its inclusion is redundant, the Court, in its discretion, finds good cause for removing Paragraph 4(c)(iii) from the proposed protective order. *See* FED. R. CIV. P. 26(c)(1).

 iv. Federal Rule of Civil Procedure 5.2

Federal Rule of Civil Procedure 5.2(d) provides that:

9

> (d) Filings Made Under Seal. The court may order that a filing be made under seal without redaction. The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record.

FED. R. CIV. P. 5.2(d). Contrary to Honda's argument that Rule 5.2 only "pertains to personal identifying information such as social security numbers and birth dates . . ." Rule 5.2(d) covers filings made under seal in general. *See id.* While Honda is correct that Local Rules CV-5(a)(7) and CV-5(c) set forth sealing procedures, the parties must still comply with the Federal Rules of Civil Procedure. The Court finds no reason to remove the inclusion of Rule 5.2 from the Protective Order. Honda's request is accordingly denied.

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Motion to Enter Protective Order (Dkt. #14) is **DENIED**. Plaintiffs' request that the protective order include a sharing provision is **DENIED**. Plaintiffs' request that the protective order include a 10-day period for Honda to claim any portion of a deposition as confidential is **DENIED**. Honda will receive 30 business days from the date of receipt of the transcript to notify Plaintiffs that they are claiming a portion of a deposition transcript confidential. Plaintiffs' request that the protective order include no deadline for challenging a confidentiality designation is **DENIED**. Plaintiffs must challenge, if they so choose, Honda's designations no later than 30 days before the Final Pretrial Conference.

It is further **ORDERED** that Honda's request that Paragraph 4(c)(iii) be stricken is **GRANTED**.

It is further **ORDERED** that Honda's request that reference to Federal Rule of Civil Procedure 5.2 be stricken is **DENIED**.

The parties are hereby **ORDERED** to meet and confer and provide the Court with a Protective Order consistent with the Court's Memorandum Opinion And Order within seven (7) business days of the publishing of this Order.

**SIGNED this 21st day of January, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE