# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| SU MIN KIM and JI HUN KIM, § | |
|     *Plaintiffs*, § | |
| § | |
| v. § | Civil Action No.  4:19-CV-00332 |
| § | Judge Mazzant |
| AMERICAN HONDA MOTOR CO., § | |
| INC., § | |
|     *Defendant*. § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Defendant American Honda Motor Co., Inc.'s Motion for Leave to Designate a Responsible Third Party (Dkt. #42). The Court, having reviewed the motion and the responses, finds that the motion should be **GRANTED**.

## BACKGROUND

On June 30, 2018, Plaintiff Ji Hun Kim ("Ji Hun") was driving a 2014 Honda CR-V in the eastbound direction on Warren Parkway in Frisco, Texas. Ji Hun was accompanied by his sister, Su Min Kim ("Su Min"), who was riding in the front passenger seat of the CR-V. At the same time, Trae Michael Hubbard ("Hubbard") was driving northbound on Dallas Parkway in a 2009 Toyota Scion. When Hubbard reached the intersection of Warren Parkway and Dallas Parkway, he ran a red light and T-boned the passenger side of Ji Hun's vehicle. After the initial impact between Hubbard and Ji Hun, a 2015 Lexus NX SUV—traveling eastbound on Warren Parkway—also made contact with Hubbard's vehicle.

As alleged by Plaintiffs, "[t]his far-side impact collision caused driver Ji Hun [ ] to collide his head into the head" of Su Min (Dkt. #47 at p. 2). As a result, Su Min "sustained severe, debilitating, and permanent injuries to her brain, skull, face, and left eye" (Dkt. #47 at p.2). Further,

"[a]s a result of witnessing this event . . . [Ji Hun] suffered severe emotional distress" and mental anguish (Dkt. #36 at p. 8). Shortly after the collision occurred, Officer Tyler Tibbits arrived on the scene. The Officer "concluded Hubbard was at fault and issued him a citation for failure to yield right-of-way and serious bodily injury in the municipality of Frisco" (Dkt. #42 at p. 2).

On May 7, 2019, Plaintiffs sued Defendant American Honda Motor Co., Inc. ("Honda"), asserting various theories of design defect premised on strict liability[1] (Dkt. #36). On February 23, 2022, Honda filed the present motion, moving to designate Hubbard as a responsible third party pursuant to § 33.004 of the Texas Civil Practice and Remedies Code (Dkt. #42). Plaintiffs filed a response in opposition on March 9, 2022 (Dkt. #47). On March 16, 2022, Honda filed a reply (Dkt. #51).

## LEGAL STANDARD

In every cause of action based in tort under Texas law, the trier of fact is required to apportion responsibility among each claimant, defendant, settling person, and "responsible third party." TEX. CIV. PRAC. & REM. CODE §§ 33.002(a)(1), 33.003(a); *accord Challenger Gaming Sols., Inc. v. Earp*, 402 S.W.3d 290, 292 (Tex. App.—Dallas 2013, no pet.) (acknowledging that the proportional responsibility statute applied to "claims for negligence, fraud, products liability, and any other conduct that violates an applicable legal standard") (internal quotations omitted). A responsible third party is defined as follows:

> [A]ny person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these. The term "responsible third party" does not include a seller eligible for indemnity under Section 82.002.

---

[1] Plaintiffs' original Complaint brought claims of design defect premised in both strict liability and negligence (Dkt. #36). Plaintiffs' Third Amended Complaint, however, dropped negligence as a theory of liability for the design defect claims (Dkt. #65). Thus, the only remaining claim against Honda is for design defect based on strict liability (Dkt. #65).

2

Tex. Civ. Prac. & Rem. Code § 33.011(6).

Section 33.004 provides that "[a] defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate . . . on or before the 60th day before the trial date." Tex. Civ. Prac. & Rem. Code § 33.004(a). The purpose of § 33.004 is to allow the trier of fact to allocate responsibility among all persons responsible for a claimant's injuries, "regardless of whether they are subject to the court's jurisdiction or whether there is some other impediment to the imposition of liability on them." *Galbraith Eng'g Consultants Inc. v. Pochucha*, 290 S.W.3d 863, 869 n.6 (Tex. 2009) (quoting 19 Dorsaneo, Texas Litigation Guide § 291.03(2)(b)(i)(2009)).

Leave should be granted unless another party files an objection to the designation. Tex. Civ. Prac. & Rem. Code § 33.004(f). If an objection is filed, the court should allow the designation unless the objecting party establishes:

> (1) the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure; and (2) after having been granted leave to replead, the defendant failed to plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements of the Texas Rules of Civil Procedure.

Tex. Civ. Prac. & Rem. Code § 33.004(g). "Once a responsible third party has been designated, and after an adequate time for discovery has passed, a party may move to strike the designation 'on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage.'" *Gregory v. Chohan*, 615 S.W.3d 277, 298 (Tex. App.—Dallas 2020) (quoting Tex. Civ. Prac. & Rem. Code § 33.004(l)).

## ANALYSIS

Honda moves to designate Hubbard as a responsible third party because "Hubbard's acts and omissions constitute negligence, and such negligence was a proximate cause of the subject

accident and Plaintiffs' alleged injuries and damages in this case" (Dkt. #42 at p. 2). Plaintiffs oppose the requested designation, arguing that the only claim at issue is design defect, and there is no evidence that "Hubbard shares any portion of responsibility for the existence of a design defect" (Dkt. #47 at p. 4). To that end, Plaintiffs contend that Honda "has not sufficiently pleaded [Hubbard's] involvement as a direct source of liability" (Dkt. #47 at p. 2). The Court will address this argument first.

To defeat a motion for designation of a responsible third party, a plaintiff must show that the defendant "did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure." TEX. CIV. PRAC. & REM. CODE § 33.004(g)(1). Texas Rule of Civil Procedure 47(a) supplies the applicable pleading requirement, stating that pleadings must contain a "short statement of the cause of action sufficient to give fair notice of the claim involved." TEX. R. CIV. P. 47(a); *see also Martinez v. Davis*, No. EP-16-CV-00156, 2016 WL 11586186, at *5–6 (W.D. Tex. Nov. 4, 2016) (discussing the application of Texas Rule of Civil Procedure 47(a) in federal courts, noting that district courts within the Fifth Circuit "have applied the Texas pleading standard to motions to designate responsible third parties, pursuant to the *Erie* doctrine."). Under this notice pleading standard, "courts assess the sufficiency of pleadings by determining whether an opposing party can ascertain from the pleading the nature, basic issues, and the type of evidence that might be relevant to the controversy." *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007). Rule 47(a)'s pleading requirement is thus a liberal one, and is met so long as the defendant has alleged facts that would allow "the opposing party to [ ] adequately prepare a defense." *Harris Constr. Co., Ltd. v. GGP-Bridgeland, LP*, No. H-07-3468, 2009 WL 2486030, at *2 (S.D. Tex. Aug. 10, 2009). In fact, "[t]he actual cause of action and elements do not have to be specified in the pleadings; it is sufficient if a cause

4

of action can be reasonably inferred." *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 388 F. Supp. 2d 780, 784 n.4 (S.D. Tex. 2005) (citing *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993)).

Plaintiffs have not demonstrated that Honda failed to plead sufficient facts concerning the alleged responsibility of Hubbard. In Honda's Answer to Plaintiffs' Second Amended Complaint, Honda asserts that it is not liable for Plaintiffs' alleged injuries because "Plaintiffs' injuries or damages were caused by the negligence of Trae Michael Hubbard" (Dkt. #38 at p. 9). Honda further explains that "Hubbard's negligence in disregarding the red light and entering the intersection caused or contributed to the harm for which Plaintiffs seek recovery of damages" (Dkt. #38 at pp. 9–10). Honda submitted Officer Tyler Tibbits' police report in support of these allegations, which establishes that Hubbard disregarded a red light and struck Plaintiffs' vehicle (*see* Dkt. #42, Exhibit 1). The answer also contains an affirmative defense asserting that Plaintiffs' alleged damages "were the proximate result of an independent, intervening or superseding causal force" (Dkt. #38 at p. 9). Honda's answer was thus sufficient to put Plaintiffs on notice of Honda's position that other actors—not Honda—were responsible for Plaintiffs' harm. Therefore, the Court finds these statements meet Rule 47(a)'s pleading standard as, at a minimum, they provide a "short statement of the cause of action sufficient to give fair notice of the claim involved." TEX. R. CIV. P. 47(a).

Plaintiffs contend, however, that Honda failed to demonstrate how Hubbard's conduct caused or contributed to cause the alleged design defects. As an initial matter, Honda is not asserting that Hubbard's negligence caused any alleged design defect, but rather that Hubbard's "negligence contributed to the collision, and thus Plaintiff[s'] injuries." *Hix-Hernandez v. Ford Motor Co.*, No. 1:20-CV-29, 2021 WL 7632564, at *2 (W.D. Tex. May 6, 2021) (approving

5

designation of responsible third party on same basis). Further, the responsible third-party analysis under Chapter 33 hinges on whether the third party caused the harm or injury for which the plaintiff seeks recovery. *See* TEX. CIV. PRAC. & REM. CODE § 33.011(6) (defining "responsible third party" as "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought"); *Nabors Well Servs, Ltd. v. Romero*, 456 S.W.3d 553, 562 (Tex. 2015) (holding that "in any way" as used in Chapter 33 has an expansive meaning and does not create restrictions on assigning responsibility so long as it can be shown that the party's conduct caused the plaintiff's injury or death). Here, Plaintiffs do not seek to recover damages for the design defect itself, but for the injuries allegedly sustained—the personal injuries Su Min sustained as a direct result of the collision, and the mental anguish Ji Hun sustained from witnessing Su Min's injuries. According to Honda, Hubbard is responsible for exactly that—the harm Plaintiffs suffered during the collision. Thus, Honda is alleging that Hubbard is responsible "for the harm for which recovery of damages is sought." TEX. CIV. PRAC. & REM. CODE § 33.011(6). These allegations are sufficient to place Hubbard within the statutory definition of a responsible third party. *See Lexington Ins. Co. v. N.A. Interpipe, Inc.*, No. H-08-3589, 2011 WL 178654, at *4 n.16 (S.D. Tex. Jan. 19, 2011) (stating Chapter 33 does not require a defendant to prove that the responsible third party caused the plaintiff harm "in the *same way* as the designating [defendant].").

  A short instruction is required before concluding. By granting the motion for leave to designate a responsible third party, Hubbard is designated as a responsible third party for purposes of Chapter 33 without further action by the Court or any party. TEX. CIV. PRAC. & REM. CODE § 33.004(h). Also, the granting of this motion for leave to designate Hubbard as a responsible third party "does not by itself impose liability" and "may not be used in any other proceeding, on the

basis of res judicata, collateral estoppel, or any other legal theory, to impose liability. . . ." TEX. CIV. PRAC. & REM. CODE § 33.004(i). However, "[i]f being designated as a responsible third party threatens other interests, such as the responsible third party's reputation, [Hubbard] may wish to consider intervening in the lawsuit as a full fledged party. . . ." Gregory J. Lensing, *Proportionate Responsibility and Contribution Before and After the Tort Reform of 2003*, 35 TEX. TECH. L. REV. 1125, 1204 (2004).

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion for Leave to Designate a Responsible Third Party (Dkt. #42) is hereby **GRANTED**.

**IT IS SO ORDERED.**

SIGNED this 17th day of May, 2022.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE