IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SU MIN KIM and JI HUN KIM, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | Civil Action No.: Civil Action |
| | § | No. 4:19-CV-00332-ALM |
| AMERICAN HONDA MOTOR | § | |
| CO., INC., | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFFS' RESPONSE BRIEF TO DEFENDANT HONDA'S
SUPPLEMENTAL BRIEF ON APPORTIONMENT (DKT. #129)**

TO THE HONORABLE U. S. DISTRICT COURT:

1.      In a crashworthiness or automotive design defect case alleging lack of safety of equipment, an accident (crash) is presumed to be the initiating event in designing a car that would reasonably protect an occupant by known injury mechanisms within impact forces not unreasonably severe.

2.      First, if either, or both, of the Kim siblings had not used the relevant safety components, i.e., here, their seatbelts, then it would be proper to apportion fault for their involvement as a direct source of liability. However, the fact scenario in this case is opposite the condition precedent to properly apportion fault in strict liability for the Kim siblings conduct. Defendant Honda has yet to bring forth any case to confirm that it is proper to compare strict liability fault of a product when

there is NO FAULT (alleged or otherwise) on the part of the plaintiffs. *Contra Bradshaw v. Freightliner Corp.*, 937 F.2d 197 (5th Cir. 1991) (contributory negligence by plaintiff for proper apportionment of fault). In this case, Honda's fault was not the Kims' fault. The Kim Plaintiffs are not any part of the comparative action. Therefore, there should be no apportionment reduction in Plaintiffs' recovery.

3.     Second, under the auspices of the Texas Supreme Court case of *Duncan v. Cessna Aircraft Co.*, if the impact forces produced by the bullet car had been too strong and such forces overwhelmed, or caused intrusion, into the passenger occupant's survival space, then Hubbard's comparative negligence *may* be implicated. 665 S.W.2d 414, 423-24 (Tex. 1984) (concluded manufacturer failed to preserve its claim for contribution for negligence of deceased pilot, whose estate is a plaintiff and a cross-defendant).

4.     However, the Court's analysis cannot reach this apportionment possibility because the impact forces show that Hubbard's negligence only caused the accident, not the harm, as required by Tex. Civ. Prac. & Rem. Code § 33.002 (…responsible for a percentage of the harm for which relief is sought). Here, photographic evidence and Honda's braggadocio at trial showed Su Min Kim's seating area had very little intrusion. Furthermore, Neil Hannemann performed a crush analysis comparing the seat intrusion from an impact test submitted by Honda

to achieve its 5-star IIHS rating to the seat intrusion found in the Kim crash. There was less intrusion of Su Min Kim's seat. This comparison reinforced the fact that the 2014 Honda CR-V could withstand even higher impact forces than what was experienced in the Kim accident. In fact, Honda produced trial evidence it had tested its car at near-side impact 37 mph change in speed for its compliance testing to satisfy the requirements of FMVSS 214. In comparison, the Kim accident had much lower change in impact speed of 23 mph (from the Honda's Crash Data Recorder or "black box") or 27 mph (from defense accident reconstructionist Greg Stephens' triangulated calculation).

5.   The Texas Supreme Court in *Duncan* stated:

> "An ideal tort system should impose responsibility on the parties according to their abilities to prevent the **harm**." *Id.* at 425. (emphasis added).

> "Additionally, each defendant found to have been **a** cause of the plaintiff's **injuries** shall be **jointly and severally liable** for the **entire amount** that the plaintiff is entitled to recover, subject to a right of contribution for payments in excess of the defendant's percentage share. We reject any limitation on joint and several liability such as that contained in Art. 2212a § 2(c). The existence of joint and several liability becomes important when one or more defendants are insolvent. When a defendant is insolvent, the goal of allocating the loss among those responsible cannot be achieved. Nevertheless, joint and several liability in such cases furthers the fundamental policy of tort law to compensate those who are injured." *Id.* at 429. (emphasis added).

6.     For all the reasons properly stated and case law cited in the briefs on apportionment of fault in a strict product liability case (Dkt. #47, #128, #129, and this brief), all roads in the Kim v. Honda trial converge to a singular conclusion: Apportionment does <u>not apply</u> to Honda's liability for money damages of the **$21,430,808.70** finding by the jury for Su Min Kim and Ji Hun Kim. Rather, Honda is jointly and severally liable for the entirety of the verdict. At most, Honda might get a credit for the $100,000 settlement recovered by each of the Kim siblings from Hubbard (but who only caused the accident, not the harm/injury), reducing Honda's liability to **$21,230,808.70**. Either way, the effect of this watershed verdict should be a rude awaken to Honda and other car manufacturers to design reasonably safe cars for the American people.

WHEREFORE, Plaintiffs request the Court deny the apportionment of liability and order that Defendant Honda pay the entirety of the damages found in June 17, 2022 verdict.

Respectfully submitted,

TURLEY LAW FIRM

*/s/ T Nguyen*
Windle Turley
State Bar No. 20304000
T Nguyen
State Bar No. 24051116
6440 North Central Expressway
1000 Turley Law Center
Dallas, Texas 75206
Telephone No. 214/691-4025
Telecopier No. 214/361-5802
Email: tn@wturley.com,
        davette@wturley.com

ATTORNEY FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record via the Court's CM/ECF system in accordance with the Federal Rules of Civil Procedure on the 24th day of June 2022.

*/s/ T Nguyen*
T Nguyen