In the United States District Court
for the Eastern District of Texas
Sherman Division

| | | |
|---|---|---|
| **Su Min Kim and Ji Hun Kim,** | § § | |
| *Plaintiffs,* | § § | Civil Action No. |
| vs. | § § | 4:19-CV-00332-ALM |
| **American Honda Motor Co., Inc.,** | § § | |
| *Defendant.* | § § | |

### DEFENDANT AMERICAN HONDA MOTOR CO., INC.'S
### RULE 59(a) MOTION FOR NEW TRIAL, AND BRIEF IN SUPPORT

Defendant American Honda Motor Co., Inc. ("AHM") requests that the Court vacate the June 28, 2022 Final Judgment, disregard all jury findings, and order a new trial on all claims of both Plaintiffs. *See* Fed. R. Civ. P. 59(a).[1] Below, AHM sets out its new-trial points, followed by briefing on some of the most important points.[2]

### STATEMENT OF ISSUES

In accordance with Local Rule CV-7(a)(1), AMH presents the following global issues to be decided by the Court:

- Is the liability finding in Question No. 1 against the great weight of the evidence?

---

[1] AHM incorporates by reference its Rule 50(a) motion (Doc. 109), which the Court denied at trial, and its Rule 50(b) motion, which was just filed.

[2] By filing this motion and brief, AHM does not waive any of its arguments, but rather, AHM intends to preserve all of its arguments. AHM makes all of its arguments in the alternative.

- Are the findings of proportionate responsibility in Question No. 3 against the great weight of the evidence?

- Are the damages findings in Question No. 4 excessive and against the great weight of the evidence?

- Is the damages finding in Question No. 5, subpart A excessive and against the great weight of the evidence?

- Does the great weight of the evidence show that AHM is entitled to the presumption of no liability in Texas Civil Practice and Remedies Code section 82.008(a)? And does the great weight of the evidence show that the exceptions in section 82.008(b) do not apply?

- Did the Court commit error in the jury charge, requiring a new trial?

- Did the Court commit error in evidentiary rulings, requiring a new trial?

# AHM'S RULE 59(a) MOTION

## I. Question No. 1 – Design Defect/Safer Alternative

1.1   For the reasons in paragraphs 1.2 to 1.3, below, the Court should disregard the jury's answer to Question No. 1, which inquired whether AHM is liable for a design defect. The Court should then order a new trial on all of the Plaintiffs' claims.

1.2   The jury's "yes" answer to Question No. 1 is against the great weight of the evidence. The great weight of the evidence does not support a "yes" finding as to any of the elements submitted in Question No. 1. The great weight of the evidence shows that the correct answer to Question No. 1 is "no."

1.3   The great weight of the evidence does not support a "yes" finding on any elements omitted from Question No. 1.

## II. Question No. 3 – Proportionate Responsibility

2.1   For the reasons in paragraphs 2.2 to 2.5, below, the Court should disregard the jury's answers to Question No. 3, which inquired about proportionate responsibility as between AHM and Trae Michael Hubbard. The Court should then order a new

trial on all of the Plaintiffs' claims.

2.2 For the reasons stated in Section I., above (which are incorporated by reference), the Court should disregard the jury's answer to Question No. 1. This means that the jury's answers to Question No. 3 are immaterial and should be disregarded.

2.3 The finding to Question No. 3, subpart A is against the great weight of the evidence. The great weight of the evidence does not support *any* finding to Question No. 3, subpart A. The great weight of the evidence shows that AHM's responsibility is 0%, or at least that AHM's responsibility is less than 23%.

2.4 The finding to Question No. 3, subpart B is against the great weight of the evidence. The great weight of the evidence shows that Hubbard's responsibility is 100%, or at least that his responsibility is more than 73%.

2.5 The great weight of the evidence does not support an affirmative finding on any elements omitted from Question No. 3.

### III. Question No. 4 – Su Min Kim Damages

3.1 For the reasons in paragraphs 3.2 to 3.4, below, the Court should disregard the jury's answers to Question No. 4, which inquired about actual damages for Plaintiff Su Min Kim. The Court should then order a new trial on all claims of Plaintiff Su Min Kim. At a minimum, the Court should remit the damages awards to amounts that are not excessive.

3.2 For the reasons stated in Sections I. and II., above (which are incorporated by reference), the Court should disregard the jury's answers to Question Nos. 1 and

3. This means that the jury's answers to Question No. 4 are immaterial and should be disregarded.

3.3   The damages findings in each subpart of Question No. 4 (except for the $0 finding in subpart J) are excessive and against the great weight of the evidence. The great weight of the evidence does not support *any* damages findings in each subpart of Question No. 4 (again, except for the $0 finding in subpart J). In addition, the great weight of the evidence does not support an affirmative finding as to any element submitted in each subpart of Question No. 4 (again, except for the $0 finding in subpart J). The great weight of the evidence supports that the correct answer to each subpart of Question No. 4 is $0.

3.4   The great weight of the evidence does not support an affirmative finding on any elements omitted from Question No. 4.

### IV. Question No. 5 – Ji Hun Kim Damages

4.1   For the reasons in paragraphs 4.2 to 4.4, below, the Court should disregard the jury's answer to Question No. 5, subpart A, which inquired about actual damages for Plaintiff Ji Hun Kim. The Court should then order a new trial on all claims of Plaintiff Ji Hun Kim. At a minimum, the Court should remit the damages award to an amount that is not excessive.

4.2   For the reasons stated in Sections I. and II., above (which are incorporated by reference), the Court should disregard the jury's answers to Question Nos. 1 and 3. This means that the jury's answers to Question No. 5 are immaterial and should be disregarded.

4.3   The damages finding in Question No. 5, subpart A is excessive and against the great weight of the evidence. The great weight of the evidence does not support *any* damages finding in Question No. 5, subpart A. In addition, the great weight of the evidence does not support an affirmative finding as to any element submitted in Question No. 5, subpart A. The great weight of the evidence shows that the correct answer to Question No. 5, subpart A is $0.

4.4   The great weight of the evidence does not support an affirmative finding on any elements omitted from Question No. 5, subpart A.

V. Section 82.008 Presumption of No Liability

5.1   For the reasons in paragraphs 5.2 to 5.4, below, the Court should disregard all jury findings, because AHM is entitled to the presumption of no liability in Texas Civil Practice and Remedies Code section 82.008(a), or at least that AHM is entitled to jury findings on the presumption. The Court should then order a new trial on all of the Plaintiffs' claims.

5.2   The Court erred in ruling as a matter of law that the presumption does not apply because the standards in question do not govern the product risk of harm at issue. As a matter of law, the standards *do* govern the product risk of harm at issue.

5.3   At a minimum, a fact question was presented on the presumption, and the great weight of the evidence supports a finding for AHM on that fact question. The great weight of the evidence supports a finding for AHM on each element of the presumption.

**5.4** Plaintiffs failed to plead one or both of the exceptions in section 82.008(b). In any event, the great weight of the evidence shows that neither exception applies. The great weight of the evidence fails to support a finding for the Plaintiffs on any element of the exceptions. Thus, Plaintiffs cannot rely on either exception to overcome the presumption of no liability. At a minimum, a new trial is necessary to resolve any fact questions about the exceptions.

## VI. Charge Error

**6.1** For the reasons in paragraphs 6.2 to 6.5, below, the Court should disregard all jury findings, because the Court erred or abused its discretion in the jury charge. The Court should then order a new trial on all of the Plaintiffs' claims.

**6.2** The Court erred or abused its discretion by failing to submit AHM's requested instructions about the section 82.008 presumption of no liability and the two exceptions to the presumption.

**6.3** The Court erred or abused its discretion by instructing the jury that AHM was not contesting whether the alleged safer alternative design "was economically and technologically feasible at the time the product left the control of Defendant by the application of existing or reasonably achievable scientific knowledge." AHM *does* contest those elements of safer alternative design and never stated otherwise.

**6.4** The Court erred or abused its discretion by failing to submit AHM's requested instruction about safer alternative design. That instruction stated: "In order to be a safer alternative design, the overall safety of the product must be considered. It is not sufficient that the alternative design would have reduced or prevented the

harm the plaintiffs suffered if the alternative design would introduce into the product other dangers of equal or greater magnitude."

6.5 The Court erred or abused its discretion by failing to give the jury the instruction that AHM proposed in response to the jury's note about evidence of a safer alternative design. AHM's proposed instruction read: "Yesterday the Court received your note 'Can we consider modifications to the alternative designs or are we limited to only exactly what was presented in evidence? For example, can we consider a larger center airbag?' I instructed you to refer to the Final Instructions to the Jury I previously provided to you. To assist you further in that regard, the Court would direct you to Page 2, lines 3 and 4 of those Instructions, as well as Page 7, line 3."

## VII. Evidentiary Error

7.1 For the reasons in paragraphs 7.2 to 7.7, below, the Court should disregard all jury findings, because the Court erred or abused its discretion in making evidentiary rulings. The Court should then order a new trial on all of the Plaintiffs' claims.

7.2 The Court erred or abused its discretion by failing to exclude Plaintiffs' expert witness Neil Hannemann, who was unqualified and who offered unreliable opinions.[3]

7.3 The Court erred or abused its discretion by failing to exclude Plaintiffs' expert witness Mariusz Ziejewski, who offered unreliable opinions.

7.4 The Court erred or abused its discretion by failing to exclude Plaintiffs'

---

[3] AHM incorporates by reference its motions to exclude Hannemann and Ziejewski (Doc. 49 & 50).

evidence of testing by General Motors and Plaintiffs' demonstrative videos and animations.

7.5    The Court erred or abused its discretion by excluding AHM's evidence of industry custom.

7.6    The Court erred or abused its discretion by excluding AHM's evidence that the subject model vehicle had never been the subject of a recall as to the airbags or restraint systems.

7.7    The Court erred or abused its discretion by allowing the Plaintiffs to offer testimony to interpret AHM's own documents.

## Brief in Support of Rule 59(a) Motion

### Legal Standard

A motion for new trial challenges errors or unfairness at trial.[4] The trial court should grant the motion if the trial was unfair or if the jury verdict is against the great weight of the evidence.[5]

### Argument and Authorities

A. The finding on the design-defect claim is against the great weight of the evidence.

As AHM has argued, the jury's "yes" answer on Question No. 1 lacks evidentiary support. *See* AHM's Rule 50(b) Motion for Judgment as a Matter of Law, and Brief in Support ("AHM Mot. for JMOL") at 6-15.[6] At a minimum, that finding is

---

[4]    *See* Fed. R. Civ. P. 59; *Scott v. Monsanto,* 868 F.2d 786, 798 (5th Cir. 1989).

[5]    *See, e.g., Scott*, 868 F.2d at 798.

[6]    AHM incorporates by reference its Mot. for JMOL.

against the great weight of the evidence. *See id.* Thus, the Court should grant a new trial on the design-defect claim.

B.  **AHM is entitled to jury findings on the section 82.008(a) presumption of nonliability.**

As AHM has argued, it is entitled to the presumption of nonliability in Texas Civil Practice and Remedies Code section 82.008(a). *See id.* at 15-19. At a minimum, application of the presumption presents a fact question that entitles AHM to a jury finding. Thus, the Court should grant a new trial on the design-defect claim, to include a jury question on the application of the presumption.

Further, as AHM has argued, the Plaintiffs are not entitled to jury findings on the exceptions to the presumption, because they failed to plead the exceptions and failed to present evidence on the presumptions. Thus, the new trial should not include jury findings on the exceptions. Alternatively, the jury at a new trial should be given questions about the exceptions.

C.  **The damages awards are against the great weight of the evidence or are excessive.**

As AHM has argued, there is no evidence to support the damages awards. *See id.* at 19-22. This is particularly true of the awards to Su Min for future medical care, lost earning capacity, physical impairment, mental anguish, and disfigurement and the award to Ji Hun for bystander mental anguish. *See id.*

Alternatively, the damages awards (particularly those listed in the preceding sentence) are against the great weight of the evidence and are excessive. Thus, the Court should grant a new trial or remit the awards to nonexcessive amounts. *See, e.g., Consol. Cos., Inc. v. Lexington Ins. Co.*, 616 F.3d 422, 435 (5th Cir. 2010).

D.  **The Court committed error in the jury charge.**

  1. **The Court should have instructed the jury on the section 82.008(a) presumption and exceptions.**

As AHM has argued, the Court should have given the jury the instructions that AHM proposed for the section 82.008 presumption and exceptions. *See* AHM JMOL Mot. at 15-19. It was error not to give the instruction on the presumption, because, at a minimum, AHM was entitled to a jury finding on application of the presumption. And although AHM believes that the Plaintiffs are not entitled to jury findings on the exceptions, at a minimum the Court should have given AHM's proposed instruction about the exceptions. Because AHM's instruction on the presumption and exceptions was necessary for full and complete jury verdict on the disputed issues, it was error for the Court to reject AHM's instruction. Thus, the Court should grant a new trial, to include full instructions and findings on the presumption and exceptions.

  2. **The Court should not have instructed the jury that AHM conceded the economic and technological feasibility of the Plaintiffs' proposed alternative designs.**

The Court instructed the jury that AHM did not contest the economic and technological feasibility of the Plaintiffs' proposed alternative designs. This was error because it erroneously removed essential elements of the Plaintiffs' design-defect claim from the case. AHM was entitled to a jury finding on economic and technological feasibility.

Although AHM conceded that it did not contest the *generic* technological feasibility of a center airbag design since such a design was already in the marketplace, AHM did not concede that a center airbag design was feasible *for this*

*vehicle and this accident.* Thus, it was error to remove from the jury's consideration the feasibility of the proposed center airbag.

Further, no matter how the alleged concession is construed, it did not extend to the reverse geometry seatbelt alternative design. The Court erroneously allowed the jury to find liability without considering whether the reverse geometry seatbelt was feasible. This is especially problematic given that Plaintiffs' expert opined that his alternative design required *both* the center airbag and the reverse geometry seatbelt.

3. The Court erred by not giving AHM's proposed instruction for the jury to consider the overall safety of the CR-V.

AHM proposed an instruction stating: "In order to be a safer alternative design, the overall safety of the product must be considered. It is not sufficient that the alternative design would have reduced or prevented the harm the plaintiffs suffered if the alternative design would introduce into the product other dangers of equal or greater magnitude." This instruction, which comes directly from State Bar of Texas Pattern Jury Charge PJC 71.4, was necessary so that the jury could know how to properly judge the Plaintiffs' proposed alternative designs. Given that the propriety of the Plaintiffs' proposed alternative designs was hotly contested, it was error to reject AHM's proposed instruction.

4. The Court should have supplemented its response to the jury note.

During deliberations, the jurors asked the court: "Can we consider modifications to the alternative designs or are we limited to only exactly what was presented in evidence? For example, can we consider a larger center airbag?" This indicated that

the jurors were looking for their own path around the problems with the Plaintiffs' proposed alternative design. The Court responded with a simple instruction to follow the Court's instructions. AHM requested that the Court direct the jury to the specific charge instructions about safer alternative design. Given the highly contested nature of the issue about safer alternative design, it was error not to direct the jury to the specific instructions applicable to that issue.

E.  The Court committed reversible error in evidentiary rulings.

> 1.  The Court erred in allowing the jury to consider unreliable expert testimony.

The Court allowed the testimony of Plaintiffs' experts, Neil Hannemann and Mariusz Ziejewski, even though their testimony consisted of unreliable opinions that were not grounded in reliable methodology or based on the actual facts of this case.[7]

Plaintiffs relied on Hannemann and Ziejewski to prove their allegedly safer alternative designs. But neither Hannemann nor Ziejewski conducted any test regarding their proffered alternative designs. And they failed to point to any specific literature or to any other tests that even remotely comes close to the forces and factors involved in this case. Thus, their testimony did not meet the "reliabilty" requirements under Rule 702. The Court's admission of this unreliable evidence was erroneous and harmful, as the testimony from these "experts" was essential to Plaintiffs' design-defect claim.

---

7    Again, AHM has incorporated by reference its motions to exclude these experts. (Doc. 49 & 50.)

2. The Court erred in allowing evidence of GM testing.

The Court erred by admitting the evidence of tests run by GM. Those tests did not meet the requirement that they be substantially similar to the accident involved in this case. The Plaintiffs attempted to fix this problem by offering the GM testing merely as a demonstrative. But even for demonstrative purposes, this evidence should not have been admitted, because it too closely resembled the accident in this case to effectively present abstract principles (about side-impact passenger collisions) without misleading the jury.[8]

The Court erroneous allowance of this evidence was harmful, as the jury was misled by this highly prejudicial evidence as it pertained to the hotly contested safer-alternative-design issue in this case.

3. Industry Custom

The Court should have allowed AHM's evidence of industry custom, since one of the factors in a design-defect claim is "the expectations of the ordinary consumer."[9] The Fifth Circuit has stated that evidence of industry custom, which is relevant to an ordinary customer's expectations, may be admitted.[10] Industry custom "relates to the industry's perception of the danger associated with the use of the product."[11] Additionally, industry custom was relevant to rebut the Plaintiffs' attempt to prove that

---

[8] *See Muth v. Ford Motor Co.*, 461 F.3d 557, 566 (5th Cir. 2006).

[9] *Am. Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 432 (Tex. 1997).

[10] *Carter v. Massey-Ferguson, Inc.*, 716 F.2d 344, 348 (5th Cir. 1983).

[11] *Id.*

an alternative design was technologically and economically feasible, by showing the limitations of that feasibility.[12]

The erroneous exclusion of this relevant evidence was harmful. In finding that the CR-V was defectively designed, the jury was presented with evidence of one other manufacturer using a center-airbag design. But AHM was erroneously prevented from showing that no other manufacturer used a front center airbag at the time the CR-V was manufactured.

## CONCLUSION

Wherefore, Defendant American Honda Motor Co., Inc. requests that the Court vacate the June 28, 2022 Final Judgment, disregard all jury findings, and order a new trial on all claims of both Plaintiffs. Alternatively, the Court should remit the damages awards to amounts that are not excessive. AHM further requests general relief.

---

[12] *See Boatland of Houston, Inc. v. Bailey*, 609 S.W.2d 743, 748-49 (Tex. 1980).

Respectfully submitted,

/s/ *Kurt C. Kern*
Kurt C. Kern
State Bar No. 11334600
kurt.kern@nelsonmullins.com
David P. Stone
State Bar No. 19289060
david.stone@nelsonmullins.com
NELSON MULLINS RILEY
& SCARBOROUGH LLP
5830 Granite Parkway, Suite 1000
Plano, Texas 75024
Telephone (469) 484-6100
Telecopier (469) 828-7217

ATTORNEYS FOR DEFENDANT
AMERICAN HONDA MOTOR CO., INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of July 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF filing system and service will be perfected upon any CM/ECF participants' counsel of record electronically.

*/s/ Kurt C. Kern*
Kurt C. Kern